# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CRIMINAL NO. 1:00CR82

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| MELVIN C. RAMSEUR ) | |

**THIS MATTER** is before the Court on the Defendant's motion for clarification of appointment of counsel, filed March 30, 2007.

Although unclear, the Defendant appears to be requesting the Court's assistance to resolve a dispute with his retained counsel Thomas Porter and to "clarify" whether Mr. Porter was actually appointed by the Court to represent him during the criminal proceedings herein. The Defendant also requests that if the Court finds Mr. Porter was appointed, then the Court must issue an order requiring Mr. Porter to refund the retainer.

While the Court will not involve itself in mediating any type of attorney-client dispute, the docket record clearly shows that Mr. Porter was

retained by the Defendant to represent him in the criminal proceedings herein. In fact, the Defendant has furnished to the Court a copy of a ledger which appears to show the receipt of a retainer by Mr. Porter from the Defendant's family.

However, Defendant's confusion appears to stem from the attorney voucher submitted by Mr. Porter for $711.15. This voucher was submitted by Mr. Porter for his services provided to the Defendant for the supervised release violation in Case No. 5:93CR35. One of the bases for the revocation of Defendant's supervised release was the bank robbery charged in this action; in order to allow continuity of counsel and consistency in representation and due to the Defendant's indigent status, Mr. Porter was <u>appointed</u> by the Court to represent the Defendant in that matter.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to clarify is hereby **DENIED**.

Signed: April 5, 2007

Lacy H. Thornburg
United States District Judge